UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA


MANUEL MONTERO,                                   CIV. NO. 13-850(SRN/JSM)

        Plaintiff,                         REPORT AND RECOMMENDATION

v.

BANK OF AMERICA, N.A. et. al.

        Defendants.


The above matter came before the undersigned on defendants' Motion to Dismiss [Docket No. 4]. This matter was decided on the parties' submissions pursuant to this Court's Order dated September 6, 2013 [Docket No. 17]. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to U.S.C. § 636(b)(1)(A), (B), and Local Rule 72.1(c).

Plaintiff seeks to invalidate the foreclosure of the mortgage on his home. Plaintiff asserts three claims against defendants: (1) quiet-title, to determine adverse claims under Minn. Stat. § 559.01; (2) declaratory judgment; and (3) slander of title. For the reasons below, the Court recommends that defendants' Motion to Dismiss be granted and plaintiffs' claims be dismissed with prejudice.[1]

---

[1] In the caption of his Complaint, plaintiff also purports to sue "all other persons unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein." As "[t]here are no factual allegations sufficient to identify these unnamed defendants or state a claim against them;" the Court therefore recommends that all claims against them be dismissed. See Sonsalla v. Mortgage Elec. Registration Sys., Inc., Civ. No. 13-659, 2013 WL 4052825, at *1 (D. Minn. Aug. 9, 2013) (citing Estate of Rosenberg ex rel. Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir.1995) (affirming dismissal of unidentified defendants about whom no factual allegations were made)).

## I.    BACKGROUND

### A.    Plaintiff's Complaint

Plaintiff sued defendants Bank of America, N.A., ("BANA"), Mortgage Electronic Registration System, Inc. ("MERS") and MERSCORP Holdings, Inc. (collectively "defendants") and other unnamed persons in state district court on March 21, 2013. Notice of Removal, p. 1 [Docket No. 1].   Defendants removed the matter to Federal District Court on April 11, 2013.   Id.

The facts as alleged in the Complaint are as follows.   Plaintiff acquired his interest in property in Minneapolis, Minnesota ("Property") on May 9, 2008, by Warranty Deed.   Complaint, ¶¶2, 3 [Docket No. 1-1].   On May 9, 2008, plaintiff executed and delivered a promissory note to Countrywide Bank, FSB, and a mortgage in favor of MERS, as nominee for Countrywide Bank.   Id., ¶5, Ex. 1 (Mortgage).   On October 31, 2011, BANA drafted an Assignment of Mortgage from defendant MERS to BANA.   Id., ¶7.   Talisha Wallace, an employee of BANA, executed the assignment as Assistant Secretary of MERS, and recorded the assignment in the Hennepin County Office of the Recorder on November 9, 2011.   Id., Ex. 2 (Assignment of Mortgage).   Plaintiff alleged "on information and belief" that Wallace lacked the legal authority to execute the assignment, as she was an employee of BANA on October 31, 2011.   Id.,¶8, Ex. 3 (Affidavit of Private Investigator).

The Complaint contains no express allegation that plaintiff has defaulted on the promissory note, but the allegations in the Complaint and documents attached to the Complaint regarding foreclosure proceedings indicate that plaintiff had defaulted on the note by 2012.   See Complaint, ¶¶9, 12, Ex. 4, 5.

On March 12, 2012, the Peterson, Fram & Bergman, P.A. ("PFB") law firm drafted a Notice of Pendency that empowered PFB to foreclose on the Property and to bid on the property at the foreclosure sale. Id., ¶9. Clinton Duncan, Assistant Vice President of BANA, executed the Notice of Pendency. Id., Ex. 4 (Notice of Pendency and Power of Attorney to Foreclose Mortgage by Corporation). PFB recorded the Notice of Pendency with the Recorder of Hennepin County on March 28, 2012. Id. Plaintiff alleged "on information and belief" that Duncan lacked the legal authority to execute the Notice of Pendency. Id., ¶10. As a result, plaintiff claimed the assignment from MERS to BANA was invalid. Id.

On March 30, 2012, BANA, through PFB, noticed a Sheriff's sale of the Property and conducted the sale on August 28, 2012. Id., ¶12. PFB, on BANA's behalf, bid $171,873.78 in debt allegedly due to BANA. Id. A Sheriff's Certificate of Sale and foreclosure record was recorded in the Hennepin County Office of the Recorder. Id., Ex. 5 (Sheriff's Certificate of Sale and Foreclosure Record). Plaintiff alleged that BANA had no legal authority to bid at the Sheriff's sale because the assignment from MERS to BANA was invalid. Id. Further, BANA engaged in "unsafe and unsound" banking practices by conducting the foreclosure and knew or had reason to know that the Assignment of Mortgage and Notice of Pendency were void and that the foreclosure was illegal. Id., ¶¶13, 15.

Plaintiff pled the following causes of action:

Count I sought a determination of adverse claims under Minn. Stat. §599.01, et seq. This Count alleged that defendants' claim to an interest in the Property was void because: (1) there exists unrecorded assignments of mortgage conveying the

mortgagee's power of sale to third parties; (2) BANA lacked the power of sale on the date of the Sheriff's sale; and (3) the foreclosure was void because (a) individuals executing the foreclosure documents did not have the legal authority to execute the documents when signed, and (b) defendants did not record the necessary powers of attorney authorizing the foreclosure. Id., ¶24. Count I further alleged that in a quiet title action, defendants have the burden of proof. Id., ¶22. Consequently, BANA must prove its interest in the Property by a preponderance of the evidence. Id., ¶23.

Count II sought a declaratory judgment pursuant to Minn. Stat. §555.02 that the Assignment of Mortgage from MERS to BANA and the Notice of Pendency were void and that plaintiff remained the fee owner of the Property. Id., ¶¶27, 28.

Count III alleged slander of title based on the recording of the Assignment of Mortgage and Notice of Pendency, which plaintiff claimed were false documents and not executed by legally authorized persons. Id., ¶¶30-32.

As relief, plaintiff sought a determination of the alleged adverse interests in the property; a declaratory judgment that the Sheriff's Certificate of Sale, Assignment of Mortgage and Notice of Pendency are void; an order that plaintiff is the fee owner of the property; and damages. Complaint, Prayer for Relief, ¶¶I, II, III.

**B.    Defendants' Motion to Dismiss**

In lieu of answering, defendants moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(B)(6). Defendants' Memorandum of Law in Support of Motion to Dismiss ("Def. Mem."), pp. 3-4 [Docket No. 6]. Defendants stated that plaintiff executed a note and mortgage on the property. Complaint, Exs. 1, 2 (Note and Mortgage). MERS was the original mortgagee. Id., Ex. 1; Affidavit of Mark Schroeder ("Schroeder

Aff."), Exs. A, B (same).  MERS assigned the mortgage to BANA on October 31, 2011.

Complaint, Ex. 3 (Assignment of Mortgage); Schroeder Aff., Ex. C (same).  After plaintiff

defaulted on the mortgage, defendants began a foreclosure by advertisement and

recorded a Notice of Pendency and Power of Attorney to Foreclose with the Hennepin

County Recorder.  Complaint, Ex. 4 (Notice of Pendency and Power of Attorney to

Foreclose); Schroeder Aff., Ex. D (same).  The Property was sold at the foreclosure sale

on August 28, 2012.  Complaint, Ex. 5 (Sheriff's Certificate of Sale); Schroeder Aff., Ex.

E (same).

With respect to Count I—the quiet title claim—defendants argued that the cause

of action failed because plaintiff's allegation that there is an unrecorded assignment is

unsupported by any factual evidence.  Def. Mem., p. 6.  Similarly, there is no evidence

that there are unrecorded mortgage foreclosure documents; to the contrary, the record

reflects properly recorded foreclosure documents.  Id., Complaint, Ex. 4 (Notice of

Pendency and Power of Attorney to Foreclose).  Defendants submitted that plaintiff's

conclusory, unsupported statements regarding the alleged "adverse interests" in the

Property are insufficient to make out a cause of action under the pleading standards of

Iqbal[2] and Twombly[3] and, therefore, all claims under the Quiet Title Act must be

dismissed.  Id., p. 8.

Defendants further contended that plaintiff lacked standing to challenge the

assignment of the mortgage from MERS to BANA because he was not a party to the

assignment.  Id., pp. 8-9 (citing Kaylor v. Bank of America, N.A., Civ. No. 12-1586

---

[2]     Ashcroft v. Iqbal, 556 U.S. 662 (2009).

[3]     Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)

(DSD/SER), 2012 WL 6217443, at *5 (D. Minn. Dec. 13, 2012) (homeowners who were not parties to the mortgage assignment lack standing); <u>Sovis v. Bank of New York Mellon</u>, Civ. No. 11-2253 (DWF/LIB), 2012 WL 733758, at *4-5 (D. Minn. Mar. 6, 2012) (plaintiff lacks standing to assert claims regarding assignment of mortgage); <u>Gerlich v. Countrywide Home Loans, Inc.</u>, Civ. No. 10-4520 (DWF/LIB), 2011 WL 3920235, at *2 (D. Minn. Sept. 7, 2011) (borrower lacks standing to challenge assignment of mortgage)).

Defendants also contended that a determination of adverse interests under Minn. Stat. §559.01 is an equitable remedy. Def. Mem., p. 11. Consequently, the doctrine of unclean hands bars plaintiff's claims because he defaulted on his mortgage obligations. <u>Id.</u> (citing <u>Novak v. JP Morgan Chase Bank, N.A.</u>, Civ. No. 12–589 (DSD/LIB), 2012 WL 3638513, at *4 (D. Minn. Aug. 23, 2012) (in Minnesota, "[a]ctions to quiet title and determine adverse claims are equitable actions" and a plaintiff who seeks equity must come to court with clean hands), <u>aff'd</u>, 518 F. App'x 498 (8th Cir. 2013)).

As to plaintiff's request for a declaratory judgment in Count II, defendants maintained that a request for a declaratory judgment is not a cause of action, it is a remedy. <u>Id.</u>, p. 13. Therefore, because plaintiff's substantive causes of action fail, so too does his request for declaratory relief. <u>Id.</u>

With regard to Count III, which alleged a claim for slander of title, defendants argued that this claim is again premised on a theory, and not facts, and must be dismissed. <u>Id.</u>, p. 13-16. In support, defendants set out the elements required to make out a slander of title claim under Minnesota law – a false statement maliciously published to others, which caused plaintiff pecuniary loss in the form of special

damages – and then urged that as plaintiff had not alleged any facts in his Complaint to support any of these elements, the claim must be dismissed.  Id., pp. 15-16 (citations omitted).  Additionally, defendants argued the claim failed because plaintiff had failed to allege any facts showing reliance on any alleged misrepresentations.  Id., p. 16 (citing Welk v. GMAC Mortgage, LLC, 850 F. Supp.2d 976, 994 (D. Minn. 2012), aff'd, 720 F.3d 736 (8th Cir. 2013).

Plaintiff responded in opposition that his pleadings could not be judged under federal pleading standards because his claims originated in state court.  Plaintiff's Memorandum in Opposition to Motion to Dismiss ("Pl. Opp. Mem."), pp. 2-5 [Docket No. 11].  However, if the Court was going to apply the federal pleading standards and recommend dismissal, the dismissal should be without prejudice so that he could amend his Complaint.  Id., pp. 4, 17, 24.

As for Count I, the gist of plaintiff's argument against dismissal was that defendants bear the burden of showing that BANA has title to the property and that Rule 12 cannot be used to determine which party bears the burden of proof.  Id., pp. 6-8, 14 (citations omitted).  According to plaintiff, all that was needed to make out a properly pled claim for quiet title under Rule 8 of the Minnesota Rules of Civil Procedure, were statements that (1) he is in possession of the property and sought a judgment to quiet title, and (2) that defendants have challenged that claim and asserted possession of the Property at the foreclosure.  Id., pp. 8-10

Plaintiff did not directly address defendants' argument that he, as the borrower, lacked standing to challenge the assignment of the mortgage from MERS to BANA. Instead, he merely reiterated his argument that the foreclosure sale was improper, that

as the owner in possession of the Property, he had the right to challenge the foreclosure, and it did not matter under Minn. Stat. §559.01 whether he was the record title holder.  Id., pp. 17-18.  Plaintiff also argued that his quiet title claim was not barred by the doctrine of unclean hands because it is not settled that the doctrine applies to quiet title actions and, in any event, not only has there been no factual development of the defense, but defendants have not shown that he defaulted on his mortgage payments.  Id., pp. 22-23.

Plaintiff did not address defendants' argument that Count II must be dismissed because declaratory judgment is a remedy and not a cause of action, and made no mention in his opposition brief of Count III, the slander of title claim.

Defendants replied that in two recent cases, courts have applied the federal pleading standard to complaints nearly identical to plaintiff's Complaint.  Defendants' Reply Memorandum ("Def. Reply"), p. 3 [Docket No. 12] (citing Warner v. Chase Home Finance, LLC, Civ. No. 13-193 (DWF/SER), 2013 WL 1249471, at *3 (D. Minn. Mar. 27, 2013), aff'd, 2013 WL 5340502, at *1 (8th Cir. Sept. 25, 2013); Stilp v. HSBC Bank USA, N.A., Civ. No. 12-3098 (ADM/JJK), 2013 WL 1175025, at *4 (D. Minn. Mar. 20, 2013),[4] aff'd, 2013 WL 5340399, at *1 (8th Cir. Sept. 25, 2013)).  Regarding plaintiff's argument that he had a right to amend his Complaint so that it would conform to federal pleading standards, defendants urged that if plaintiff wanted to amend the Complaint, he should have done so within the 21 days provided by Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure following the filing of defendants' motion to dismiss, or moved for leave to amend the Complaint.  Id., p. 4.  Having done neither, plaintiff's request to

---

[4]     Plaintiff's counsel William Butler also represented the plaintiffs in Warner and Stilp.

amend at this stage of the proceeding should be rejected on grounds of prejudice and undue delay.  Id., pp. 4-5 (citing Stilp, 2013 WL 1175025, at *3) (discussing the ability of the plaintiff to amend under the Federal Rules of Civil Procedure and noting failure to do so when deciding a motion to dismiss plaintiff's complaint).  Moreover, where plaintiff has not articulated how the Complaint could be amended to save or reform the meritless claims, general assertions that he should be allowed to amend should be rejected.  Id., p. 5 (citing Hintz v. JP Morgan Chase Bank, N.A., 686 F.3d 505, 511 (8th Cir. 2012) ("Generally, parties should not be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim.") (citations omitted)).

As for plaintiff's "burden of proof" argument relating to his quiet title claim, defendants pointed out that the Eighth Circuit had determined that the federal pleading standard governed its determination of whether plaintiff stated a claim for quiet title and under that standard, plaintiff could not rely on "labels and conclusions, based on speculation."  Id. (citing Karnatcheva v. JP Morgan Chase Bank, NA, 704 F.3d 545, 548 (8th Cir. 2013), cert. denied, 134 S.Ct. 72 (2013)).

Lastly, defendants argued that it is well established that when a party fails to establish a quiet title claim, his request for declaratory judgment must also be denied. Id., pp. 7-8 (citing Butler v. Federal Nat'l Mortgage Ass'n., Civ. No. 12-2697(SRN/TNL), 2013 WL 2145701, at *3-4 (D. Minn. May 15, 2013)).

## II.    LEGAL STANDARDS

In considering a motion to dismiss under Rule 12(b)(6), the pleadings are construed in the light most favorable to the non-moving party, and the facts alleged in

the complaints must be taken as true.  Ashley County, Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009).  In addition, a court must afford the plaintiff all reasonable inferences from those allegations.  Blankenship v. USA Truck, Inc., 601 F.3d 852, 853 (8th Cir. 2010).  At the same time, to withstand a motion to dismiss under Rule 12(b)(6), litigants must properly plead their claims under Rule 8 of the Federal Rules of Civil Procedure and meet the principles articulated by the United States Supreme Court in Twombly and Iqbal.

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The pleading standard articulated by Rule 8 "does not require detailed factual allegations, but it [does demand] more than a unadorned, the-defendant-unlawfully-harmed-me-accusation."  Iqbal, 556 U.S. at 662 (internal quotation marks and citations omitted).  A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  Thus, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S., at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 556).  "[T]he plausibility standard, which requires a federal court complaint to 'state a claim for relief that is plausible on its face, . . . asks for more than a sheer possibility that a defendant has acted unlawfully."  Ritchie v. St. Louis Jewish Light, 630 F.3d 713, 717 (8th Cir. 2011) (internal quotation and citation omitted).  "Determining whether a

complaint states a plausible claim for relief will, . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

As a general rule, the Court may not consider materials "outside the pleadings" on a motion to dismiss, without converting the motion to dismiss to a motion for summary judgment. Fed. R. Civ. P. 12(d). "The court, however, 'may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings,'" without converting the motion into one for summary judgment. See Little Gem Life Sciences, LLC v. Orphan Medical, Inc., 537 F.3d 913, 916 (8th Cir. 2008) (quoting Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (internal citation and punctuation omitted)); see also Fed.R.Civ.P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n. 4 (8th Cir. 2003).

"Ordinarily dismissal of a [pleading] for failure to comply with Rule 8 should be with leave to amend." Michaelis v. Neb. State Bar Ass'n., 717 F.2d 437, 438-39 (8th Cir. 1983). Nonetheless, when a complaint is so deficient or defective that the court is convinced that its defects cannot be cured through re-pleading, dismissal with prejudice is appropriate. See McLean v. United States, 566 F.3d 391, 400 (4th Cir. 2009) ("to the extent . . . that a district court is truly unable to conceive of any set of facts under which a plaintiff would be entitled to relief, the district court would err in designating [a] dismissal to be without prejudice. Courts, including this one, have held that when a complaint is incurable through amendment, dismissal is properly rendered

with prejudice and without leave to amend."); <u>McKesson HBOC, Inc. v. New York State</u> <u>Common Ret. Fund, Inc.</u>, 339 F.3d 1087, 1096 (9th Cir. 2003) (dismissal with prejudice is appropriate where "deficiencies in [plaintiff's] claims cannot be cured by amendment"); <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) (a <u>pro</u> <u>se</u> litigant should be given chance to amend complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."); <u>Ikechi v. Verizon</u> <u>Wireless</u>, Civ. No. 10-4554 (JNE/SER), 2011 WL 2118797, at *5, n. 6 (D. Minn. April 7, 2011) (recommending dismissal with prejudice of plaintiff's fraud claims because it was unlikely that plaintiff could cure the defective pleading on re-pleading), 2011 WL 2118791, at *3 (D. Minn. May 25, 2011) (adopting the Report and Recommendation of Magistrate Judge Rau regarding dismissal of plaintiff's fraud claims for failure to satisfy the particularity requirement of Rule 9(b)).

## II.    DISCUSSION

### A.    <u>Pleading Standard</u>

As a threshold matter, this Court rejects plaintiff's argument that the Court should apply the Minnesota state court pleading standard to his Complaint.  Plaintiff's counsel has made this exact argument in the past and the Eighth Circuit could not have been more emphatic in its response: "[w]e apply federal pleading standards—Rules 8 and 12(b)(6)—to the state substantive law to determine if a complaint makes out a claim under state law." <u>Karnatcheva</u>, 704 F.3d at 548); <u>see</u> <u>also</u> <u>Dunbar v. Wells Fargo Bank,</u> <u>N.A.</u>, 709 F.3d 1254, 1257 (8th Cir. 2013) (quoting <u>Karnatcheva</u>); <u>Novak</u>, 518 F. App'x at 501 (quoting <u>Karnatcheva</u>); <u>Gharwal v. Federal Nat'l Mortgage Ass'n</u>, Civ. No. 13-685 (PJS/JSM), 2013 WL 4838904, at *2 (D. Minn. Sept. 11, 2013) (noting that the Eighth

Circuit has "squarely and repeatedly rejected" this argument). Thus, this Court has reviewed plaintiff's Complaint applying the standard governing Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure.

**B.** **Quiet Title**

In Minnesota, "[a]ny person in possession of real property personally . . . may bring an action against another who claims an estate or interest therein, or a lien thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties, respectively." Minn. Stat. §559.01. However, mere allegations of a defendant's possession of the property and conclusory statements that the defendant's adverse claims are invalid are insufficient to state a claim for relief. See Karnatcheva, 704 F.3d at 548 (affirming the district court's dismissal of the plaintiff's quiet title claim "because the plaintiff's pleadings, on their face, have not provided anything to support their claim that the defendants' adverse claims are invalid, other than labels and conclusions, based on speculation that transfers affecting payees and assignments of the notes were invalid."). In addition, the Eighth Circuit in Karnatcheva settled the "burden of proof" in a removed quiet title action urged here by plaintiff. 704 F.3d at 548. As the court explained in Gharwal:

> Karnatcheva rejected that [burden of proof] argument, specifically holding that § 559.01 and the other authority on which [plaintiff] relies 'are not state substantive standards that govern the success of a quiet title claim. Karnatcheva, 704 F.3d at 548. Whether or not the Eighth Circuit's holding was "error" is not for this Court to decide; Karnatcheva is binding precedent, and this Court must apply it. The Court notes, however, that although he was addressing a different issue, plaintiff's counsel himself[5] has conceded in the past

---

[5]     Both Gharwal and Karnatcheva were represented by William Butler, plaintiff's counsel in the instant case.

> "that, under Fed. R. Civ. P. 11, a quiet-title claim must be supported by an objectively reasonable basis for believing that the defendant's asserted interest in the property is invalid." <u>Welk v GMAC Mortg., LLC</u>, 850 F.Supp.2d 976, 988 (D. Minn. 2012), <u>aff'd</u>, 720 F.3d 736 (8th Cir. 2013). Here, plaintiffs quiet title claims are based only on conclusory statements and speculation, but no facts. The claim fails under Rule 12(b)(6).

2013 WL 4838904, at *3; <u>see</u> <u>also</u> <u>Yang Mee Thao-Xiong v. American Mortg. Corp.</u>, Civ. No. 13-354 (MJD/TNL), 2013 WL 3788799, at *4 (D. Minn. July 18, 2013) (quoting <u>Novak</u>, 2012 WL 3638513, at *4) (finding that plaintiffs "'must state facts sufficient to allow the court to draw the reasonable inference that . . . she is in possession and that a defendant claims a right or title to the property, but has no such right or title.'").

In the instant case, plaintiff has made wholly unsupported statements about "adverse interests" in the property, unrecorded assignments, and the alleged lack of legal authority by the individuals signing the foreclosure documents. Complaint, ¶¶8, 10, 24. Plaintiff's pleading of some of these facts on "information and belief," can not save his Complaint. Complaint, ¶¶8, 10. While it is true that the "Eighth Circuit has yet to address whether a pleading based on 'information and belief' is sufficient to state a claim," <u>LaCroix v. U.S. Bank, NA</u>, Civ. No. 11–3236 (DSD/JJK), 2012 WL 2357602, at *6 (D. Minn. June 20, 2012), on the other hand, the Eighth Circuit has unequivocally held that conclusory allegations lacking in factual support are insufficient to satisfy the Rule 8 pleading standards or the standards articulated in <u>Iqbal</u> and <u>Twombly</u>. <u>See</u> <u>Karnatcheva</u>, 704 F.3d at 548; <u>Ko v. Mortgage Elec. Registration Sys.</u>, Civ. No. 13-596 (JRT/AJB), 2013 WL 4052680, at *2 (D. Minn. Aug. 9, 2013); <u>Lara v. Federal Nat'l Mortgage Ass'n</u>, Civ. No. 13-676 (SRN/AJB), 2013 WL 3088728, at *3 (D. Minn. June

18, 2013); Schumacher v. Federal Home Loan Mortg. Corp., Civil No. 13-29 (DSD/FLN), 2013 WL 3033746, at *2 (D. Minn. June 17, 2013).

Here, the documents referenced in and attached to the Complaint show an unbroken chain of title from MERS to BANA and a properly recorded Power of Attorney to Foreclose. Complaint, Exs. 3, 4; see also Schroeder Aff. Exs. C, D. Thus, not only is there no factual support for plaintiff's bald assertions, the record shows the exact opposite – the assignment and foreclosure were proper.

The courts in this District have also spoken clearly and without reservation on plaintiff's lack of standing to complain of alleged defects in the assignment of mortgage from MERS to BANA. Walker v. Bank of America, N.A., Civ. No. 11-783 (ADM/JSM), 2013 WL 5771154 at *5 (D. Minn. Oct. 24, 2013) ("As has been repeatedly held in this district, mortgagors lack standing to challenge the validity of a subsequent assignment of mortgage."); Novak, 2012 WL 3638513 at *6, aff'd, 518 F. App'x 498 (8th Cir. 2013) ("plaintiffs lack standing to challenge the assignment: they are not parties to the assignment and any dispute would be between the assignor and assignee"); Quale v. Aurora Loan Servs., LLC, Civ. No. 13–621 (JNE/AJB), 2013 WL 3166584, at *1 (D. Minn. June 20, 2013) ("Insofar as the Quales based their claims on the allegations that an individual lacked authority to execute the assignment of mortgage, the Court rejects this argument because the Quales lack standing to make such a challenge, and even if they did have standing, their claims are fatally implausible and speculative."); Forseth v. Bank of America, N.A., Civil No. 13-38 (SRN/TNL), 2013 WL 2297036, at *5 (D. Minn. May 24, 2013) ("The allegations regarding unauthorized signatures on every document related to the foreclosure process for the Forseths' mortgage are similarly implausible

and pure speculation. But even if the signatures were unauthorized, the harm caused by the lack of signing authority is harm to MERS or BAC, in the case of Mr. Bruns, or BAC/Bank of America or Fannie Mae in the case of Mr. McDaniel and Ms. Girvan. There is no allegation in the Amended Complaint that any of these individuals falsely initiated foreclosure proceedings against the Forseths' property, and the documents in the public records belie such a claim in any event. The Forseths defaulted on their mortgage by not making payments as they promised. Even if all three of these individuals lacked signing authority, as the Forseths claim, they have suffered no injury as a result and therefore have no standing to pursue their claims.") (citations omitted); Kaylor, 2012 WL 6217443, at *5 (finding that even if individual who effectuated the assignment of the mortgage did not have authority to do so, homeowners not a party to the mortgage assignment had no standing to challenge the assignment.); Sovis, 2012 WL 733758 at *4-5 (finding that general allegations that defendants unlawfully foreclosed on plaintiff's home pursuant to a series of invalid assignments of mortgage, "cannot furnish the causal nexus necessary to establish standing to assert her claims."); Gerlich, 2011 WL 3920235, at *2–3 (plaintiff not a party to the assignment and, therefore, lacked standing to assert a claim regarding the assignment); Kebasso v. BAC Home Loans Servicing, LP, 813 F. Supp.2d 1104, 1113 (D. Minn. 2011) (finding that mortgagors, lacked standing to challenge the defendants' authority to foreclose, as "'any disputes that arise between the mortgagee holding legal title and the assignee of the promissory note holding equitable title do not affect the status of the mortgagor for purpose s of foreclosure by advertisement.' The court reaffirmed the principle that 'legal and equitable title can be separated' and if a dispute arises between the holder of legal

and equitable title with respect to foreclosure, '[i]t is a matter between them alone, and does not concern the mortgagor,' and such a transaction does "not affect the interests of the mortgagor, and he could not object.'") (quoting <u>Jackson v. Mortg. Elec. Registration Sys., Inc.</u>, 770 N.W.2d 487, 500 (Minn. 2009)). As a result, plaintiff's claim in Count I, which rests on the alleged "falsity" of the assignment and consequent impropriety of the foreclosure sale, must be dismissed because plaintiff lacks standing to assert these claims

Finally, as defendants argued, a quiet title action is a proceeding in equity and as such, a plaintiff who seeks to quiet title must come to court with clean hands. <u>Haubrich v. U.S. Bank Nat'l Ass'n</u>, Civ. No. 12-565 (DSD/TNL), 2012 WL 3612023, at *3 (D. Minn. Aug. 21, 2012), <u>aff'd</u>, 720 F.3d 979 (8th Cir. 2013). <u>See</u> <u>also</u> <u>Yang Mee Thao-Xiong</u>, 2013 WL 3788799, at *4 (plaintiff's unclean hands in defaulting on her mortgage prevented her from seeking equitable relief); <u>Stilp</u>, 2013 WL 1175025, at *4 ("[p]laintiffs defaulted on their mortgage loan over four years ago. They seek to declare their mortgage invalid after defaulting; as such, they come to the present case with unclean hands.") (citation omitted).

Plaintiff, having defaulted on his mortgage, comes to court with unclean hands and is precluded from pursuing a quiet title claim. <u>Novak</u>, 2012 WL 3638513, at *4 (citing <u>Santee v. Travelers Ins. Co.</u>, 275 N.W. 366, 368 (Minn. 1937)) (finding that the plaintiffs had unclean hands because they were in default on their mortgage and, therefore, that they could not state a quiet title claim).

For all of these reasons, plaintiff's quiet title claim should be dismissed.

### D. Count II—Declaratory Judgment

A declaratory judgment is a remedy, not a cause of action. <u>See</u>, <u>e.g.</u>, <u>Onvoy, Inc. v. ALLETE, Inc.</u>, 736 N.W.2d 611, 617–618 (Minn. 2007) (a declaratory judgment action may be maintained only where there is a justiciable controversy); <u>Buck v. American Airlines, Inc.</u>, 476 F.3d 29, 33 n.3 (1st Cir. 2007) (noting that the Declaratory Judgment Act, 28 U.S.C. § 2201 "creates a remedy, not a cause of action"). In light of the Court's conclusion that plaintiff's substantive claims must be dismissed under Rule 12(b)(6), (<u>see</u> Section III.C, <u>supra</u>, Section III.E, <u>infra</u>), "[he is] left with a remedy in search of right." <u>Scanlon v. Northwest Mortg., Inc.</u>, Civ. No. 11-3128 (MJD/TNL), 2012 WL 2885131, at *7 (D. Minn. July 13, 2012). <u>See</u> <u>also</u> <u>Lara</u>, 2013 WL 3088728 at *3 (finding that where plaintiff had failed to state a substantive claim, the Amended Complaint also failed to state a claim for declaratory judgment) (citing <u>Weavewood, Inc. v. S & P Home Invs., LLC</u>, 821 N.W.2d 576, [579] (Minn. 2012) ("A declaratory judgment is a procedural device through which a party's existing legal rights may be vindicated so long as a justiciable controversy exists.")).

Plaintiff's claim for declaratory judgment must be dismissed because there is no legal basis for affording the remedy.

### E. Count III—Slander of Title

To state a claim for slander of title, a plaintiff must allege facts that show: (1) there was a false statement concerning the real property owned by the plaintiff; (2) the false statement was published to others; (3) the false statement was published maliciously; and (4) the publication of the false statement concerning title to the property caused the plaintiff pecuniary loss in the form of special damages. <u>Paidar v. Hughes</u>,

615 N.W.2d 276, 279–80 (Minn. 2000) (citation omitted). To plead malice, plaintiff "must raise factual allegations sufficient to create a plausible claim that at least one of the [ ] parties acted with a reckless disregard for the truth, 'despite a high degree of awareness of probable falsity.'" Dunbar, 709 F.3d at 1258 (quoting Brickner v. One Land Dev. Co., 742 N.W.2d 706, 711 (Minn. Ct. App. 2007)); see also Quevli Farms, Inc. v. Union Sav. Bank & Trust Co., 178 Minn. 27, 226 N.W. 191, 192 (Minn. 1929) (concluding that to be a malicious statement, it must be a "groundless disparagement of the plaintiff's title or property . . . made without probable cause."). The filing of an instrument known to be inoperative is a false statement that, if done maliciously, constitutes slander of title. Kelly v. First State Bank of Rothsay, 177 N.W. 347, 347 (Minn. 1920). Additionally, plaintiff must establish that he relied on the alleged false statement. See Welk, 850 F.Supp.2d at 993-94.

Plaintiff did not address defendants' arguments regarding dismissal of his slander of title claim in his opposition brief. Therefore, the Court treated plaintiff's lack of opposition as a concession that that he failed to allege that the defendants acted maliciously and that the claim must be dismissed. Gharwal, 2013 WL 4838904, at *1, n. 2 (dismissing slander of title claim for failure to respond to defendants' arguments in favor of dismissal); Mark v. Ault, 498 F.3d 775, 786 (8th Cir. 2007) (holding that failure to raise or address an issue constitutes abandonment) (citation omitted).

However, even if plaintiff had not waived his right to defend his slander of title claim, the Court finds the claim must be dismissed because plaintiff has alleged no facts from which this Court could infer that defendants made a false statement, acted maliciously or that plaintiff suffered any pecuniary loss from a publication concerning

title to his property.  See Ko, 2013 WL 4052680, at *4 (dismissing similarly-pled slander of title claim).  Significantly, although plaintiff stated in this Count that "[t]he documents were false because unauthorized persons without authority executed the [Notice of Pendency] and [Assignment of Mortgage], (Complaint, ¶32), as previously discussed, plaintiff made these allegations "on information and belief" and pled no facts to support his allegations regarding signing authority.  See Lara, 2013 WL 3088728, at *3 (dismissing slander of title claim based on allegation that individuals signing documents lacked authority to do so and stating "[plaintiffs pleaded no plausible facts to support their allegations regarding signing authority.").  Therefore, plaintiff failed to state a claim for slander of title, and dismissal is required.[6]

### F.  Dismissal with Prejudice

Plaintiff requested that if the Court determined that federal pleading standards applied to his Complaint, that he be allowed to amend "to meet the more specific and stringent pleading requirements under federal court practice. . . ."  Pl. Opp. Mem., pp. 4, 17, 24.  This request is rejected.  As a preliminary matter, there is no "if" regarding what pleading standard applies to plaintiff's claims.  Plaintiff's counsel was plaintiffs' counsel in Karnatcheva, Dunbar and Gharwal regarding the application of Rules 8 and 12(b)(6) to removed claims.  There is no confusion regarding the specificity with which

---

[6]     The Court notes that a slander of tile claim is subject to the heightened pleading standard of Fed. R. Civ. P. 9(b).  See Murphy v. Aurora Loan Servs., LLC, 699 F.3d 1027, 1032 (8th Cir. 2012) (Rule 9(b) applies to slander of title claims); See also Ko, 2013 WL 3088728, at *4; Pope v. Fed Home Loan Mortgage Corp., Civ. No. 12-3094, 2013 WL 2251001, at *4 (D. Minn. May 22, 2013); Haubrich, 2012 WL 3612023, at *6 (D. Minn. Aug. 21, 2012).  Defendants did not argue in favor of dismissal based on plaintiff's failure to meet this standard.  Suffice it to say, however, having failed to plead any facts to support a slander of title claim, the claim also fails to meet the Rule 9(b) standard.

plaintiff was required to plead. Additionally, counsel must have known that defendants would likely remove the suit from state court and respond with a motion to dismiss—that has been the pattern in dozens of the mortgage foreclosure cases he has brought against BANA and other entities. Anticipating an almost certain motion to dismiss under Rule 12(b)(6) would normally prompt a prudent attorney to draft a complaint with as much specificity and factual support as he or she could.

What is more, once the motion to dismiss was filed, nothing prevented plaintiff from immediately amending his Complaint to address the deficiencies raised by defendants in their motion, either as a matter of right (if the amendment was filed within 21 days of the filing of the motion to dismiss), or upon motion and leave of court. See Fed. R. Civ. P. 15(a)(1)(B). Plaintiff did neither. From this complete lack of action, the Court can only conclude that if plaintiff had facts to support his allegations, he would have included them in the Complaint and, because he did not, that no such facts exist.

Most significantly, the Court is firmly persuaded that re-pleading will not cure the defects in plaintiff's Complaint. Plaintiff not only provided no support for his quiet title and slander of title claims, but the exhibits attached to the Complaint contradict the underpinnings of these causes of action by demonstrating that the assignment from MERS to BANA was valid. Further, where the Sheriff's Certificate of Sale, (Complaint, Ex. E), constitutes prima facie evidence that the foreclosure was proper, (see Minn. Stat. §580.19), and the Complaint alleged no facts to rebut this evidence, there is no basis for this Court to afford the relief requested by plaintiff.

For all of these reasons, this Court recommends that plaintiff's suit be dismissed with prejudice.

## III.    RECOMMENDATION

For the reasons set forth above, it is recommended that:

(1)    Defendants' Motion to Dismiss [Docket No. 4] be **GRANTED.**

(2)    This matter be dismissed with prejudice.

Dated: December 3, 2013                          *Janie S. Mayeron*
                                                 JANIE S. MAYERON
                                                 United States Magistrate Judge


## **NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 17, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this Rules shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.