# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Manuel Montero,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Bank of America, N.A., Mortgage Electronic Registration Systems, Inc., MERSCORP Holdings, Inc., and also other persons, unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein,<br><br>　　　　Defendants. | Case No. 13-cv-850 (SRN/JSM)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

William B. Butler, Butler Liberty Law, LLC, 33 South Sixth Street, Suite 4100, Minneapolis, Minnesota 55402, for Plaintiff.

Mark G. Schroeder, Briggs & Morgan, PA, 80 South Eighth Street, Suite 2200, Minneapolis, Minnesota 55402, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

## I.　INTRODUCTION

This matter is before the Court on Plaintiff's Objection [Doc. No. 19] to United States Magistrate Judge Janie S. Mayeron's December 3, 2013, Report and Recommendation ("R&R") [Doc. No. 18]. The Magistrate Judge recommended that: (1) Defendants' Motion to Dismiss [Doc. No. 4] be granted, and (2) this matter be dismissed with prejudice. For the reasons set forth below, the Court overrules Plaintiff's Objection

1

and adopts the R&R in its entirety.

## II.   BACKGROUND

The Magistrate Judge's R&R thoroughly documents the factual and procedural background of Plaintiff's case, which is incorporated here by reference. Briefly stated, Plaintiff is challenging the foreclosure of the mortgage on his home. Plaintiff sued Bank of America, N.A. ("BANA"), Mortgage Electronic Registration System, Inc. ("MERS"), MERSCORP Holdings, Inc., and other unnamed persons in state district court on March 19, 2013. On April 11, 2013, Defendants removed the matter to federal district court. (Notice of Removal [Doc. No. 1].)

As alleged in the Complaint, Plaintiff resides and is in possession of real property located in Minneapolis, Minnesota ("Property"). (Compl. ¶ 1 [Doc. No. 1-1].) On May 9, 2008, Plaintiff executed a promissory note to Countrywide Bank, FSB, and a mortgage in favor of MERS, as nominee for Countrywide Bank. (Id. ¶ 5.) On October 31, 2011, BANA drafted an Assignment of Mortgage from MERS to BANA. (Id. ¶ 7.) Talisha Wallace, an employee of BANA, executed the assignment as Assistant Secretary of MERS, and she recorded the assignment in the Hennepin County Office of the Recorder on November 9, 2011. (Id.) Plaintiff alleges "upon information and belief" that Wallace lacked the legal authority to execute the assignment, because she was an employee of BANA on October 31, 2011. (Id. ¶ 8.)

Plaintiff does not allege that he defaulted on the promissory note, but documents attached to the Complaint regarding foreclosure proceedings show that Plaintiff defaulted on the note by 2012. (Exs. 4 and 5 to Compl. [Doc. No. 1-1].)

2

On March 12, 2012, the Peterson, Fram & Bergman, P.A. law firm ("PFB") drafted a Notice of Pendency that empowered PFB to foreclose on the Property and to bid on the property at the foreclosure sale. (Compl. ¶ 9.) Clinton Duncan, Assistant Vice President of BANA, executed the Notice of Pendency. (Id.) On March 28, 2012, PFB recorded the Notice of Pendency with the Recorder of Hennepin County. (Id.) Plaintiff alleges "upon information and belief" that Duncan lacked the legal authority to execute the Notice of Pendency. (Id. ¶ 10.)

On March 30, 2012, BANA, through PFB, noticed a Sheriff's sale of the Property, and it conducted the sale on August 28, 2012. (Id. ¶ 12.) PFB, on BANA's behalf, bid $171,873.78 in debt allegedly due to BANA. (Id.) A Sheriff's Certificate of Sale and foreclosure record was recorded in the Hennepin County Office of the Recorder. (Ex. 5 to Compl. [Doc. No. 1-1].) Plaintiff alleges that BANA had no legal authority to bid at the Sheriff's sale because the assignment from MERS to BANA was invalid. (Compl. ¶ 12.) Plaintiff also alleges that BANA engaged in "unsafe and unsound" banking practices by conducting the foreclosure and knew or had reason to know that the Assignment of Mortgage and Notice of Pendency were void, and the foreclosure was illegal. (Id. ¶¶ 13, 15.)

Plaintiff brings three causes of action. First, Count 1 seeks a determination of adverse claims under Minnesota's quiet title statute, Minn. Stat. § 559.01. (Id. ¶¶ 19-25.) Plaintiff alleges that Defendants' claim to an interest in the Property is void because: (1) there are unrecorded mortgage assignments conveying the mortgagee's power of sale to third parties; (2) BANA lacked the power of sale on the date of the Sheriff's sale; and (3)

the foreclosure was void because (a) individuals executing the foreclosure documents lacked the legal authority to execute the documents when signed, and (b) Defendants did not record the necessary powers of attorney authorizing the foreclosure. (Id. ¶ 24.) Count 1 further alleges that in a quiet title action, Defendants have the burden of proof, and BANA must prove its interest in the Property by a preponderance of the evidence. (Id. ¶¶ 22, 23.) Second, Count 2 seeks a declaratory judgment that the Assignment of Mortgage from MERS to BANA and the Notice of Pendency were void, and that Plaintiff remains the fee owner of the Property. (Id. ¶¶ 27, 28.) Third, Count 3 alleges slander of title based on the recording of allegedly false documents. (Id. ¶¶ 30-32.)

Instead of answering, Defendants moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) [Doc. No. 4]. Plaintiff opposed Defendants' motion [Doc. No. 11], and Defendants filed a reply [Doc. No. 12]. This matter was decided on the parties' written submissions by the Magistrate Judge, who then issued her Report and Recommendation [Doc. No. 18].

On December 3, 2013, the Magistrate Judge recommended that Defendants' Motion to Dismiss be granted, and that this matter be dismissed with prejudice. (Dec. 3, 2013, Report and Recommendation at 22 [Doc. No. 18].) First, the Magistrate Judge found that Plaintiff's quiet title claim fails because: (1) Plaintiff made wholly unsupported statements about "adverse interests" in the Property, unrecorded assignments, and the alleged lack of legal authority by the individuals signing the foreclosure documents—and simply pleading some of these statements "upon information and belief" failed to satisfy federal pleading standards; (2) the record in fact

shows that the assignment and foreclosure were proper; (3) Plaintiff lacks standing to complain of alleged defects in the assignment of mortgage from MERS to BANA; and (4) Plaintiff cannot state an equitable quiet title claim when he comes into court with unclean hands.  (Id. at 13-17.)  Second, the Magistrate Judge determined that Plaintiff's declaratory judgment claim fails because it is based on the same insufficient allegations as the quiet title claim.  (Id. at 18.)  Third, the Magistrate Judge found that Plaintiff's slander of title claim fails because: (1) Plaintiff failed to address Defendants' arguments on this issue in his opposition brief, and (2) even if Plaintiff had not waived his right to defend this claim, he pled no facts to support his allegations regarding signing authority.  (Id. at 18-20.)

## III.  DISCUSSION

### A.  Standard of Review

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations."  D.Minn. LR 72.2(b)(1).  The district court will review *de novo* those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3); D.Minn. LR 72.2(b)(3).  Ordinarily, the district judge relies on the record of proceedings before the magistrate judge.  D.Minn. LR 72.2(b)(3).

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the Complaint to be true and construes all reasonable inferences from those facts in the light most favorable to Plaintiffs.  Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).

However, the Court need not accept as true wholly conclusory allegations, <u>Hanten v. Sch. Dist. of Riverview Gardens</u>, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions Plaintiffs draw from the facts pled. <u>Westcott v. City of Omaha</u>, 901 F.2d 1486, 1488 (8th Cir. 1990). In addition, the Court ordinarily does not consider matters outside the pleadings on a motion to dismiss. <u>See</u> FED. R. CIV. P. 12(d). The Court may, however, consider exhibits attached to the complaint and documents that are necessarily embraced by the pleadings, <u>Mattes v. ABC Plastics, Inc.</u>, 323 F.3d 695, 697 n.4 (8th Cir. 2003), and may also consider public records. <u>Levy v. Ohl</u>, 477 F.3d 988, 991 (8th Cir. 2007).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." <u>Id.</u> at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Twombly</u>, 550 U.S. at 555). This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." <u>Twombly</u>, 550 U.S. at 556.

### B. Objections

On December 17, 2013, Plaintiff filed objections to the R&R [Doc. No. 19]. He argues that: (1) the Magistrate Judge improperly applied the federal pleading standard to the Complaint; (2) the Magistrate Judge incorrectly found that Plaintiff lacked standing to bring a quiet title action under Minnesota law, and even if Plaintiff lacks standing, this action

6

should be remanded to state court; and (3) the Magistrate Judge erred in ruling that Plaintiff's unclean hands bar his quiet title action. (Id.) These objections relate to Plaintiff's quiet title claim under Minn. Stat. ¶ 559.01. Therefore, this Court will not review the portions of the R&R relating to Plaintiff's declaratory judgment and slander of title claims, and the Court adopts the Magistrate Judge's recommendation to dismiss Counts 2 and 3 with prejudice.[1]

### 1. Failure to State a Claim

The Magistrate Judge correctly found that Count 1 fails to state a claim upon which relief can be granted. The Eighth Circuit applies federal pleading standards to state law claims that are removed to federal court. See Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 548 (8th Cir. 2013) ("We apply federal pleading standards—Rules 8 and 12(b)(6)—to the state substantive law to determine if a complaint makes out a claim under state law."); Novak v. JPMorgan Chase Bank, N.A., 518 Fed. Appx. 498, 501-02 (8th Cir. 2013) ("[T]hese homeowners persist in arguing, in the face of binding precedent, that the district court failed to apply Minnesota substantive law in its determination that the complaint failed to allege sufficient facts. Yet, matters removed to federal court are governed by the current federal pleading standard."). Conclusory allegations that lack

---

[1] To the extent that Plaintiff relies on the objections regarding his quiet title claim to contest the Magistrate Judge's recommendation for the declaratory judgment claim, the declaratory judgment claim still fails because it must be supported by a substantive legal right. See Weavewood, Inc. v. S & P Home Invs., LLC, 821 N.W.2d 576, 579 (Minn. 2012) ("A declaratory judgment is a 'procedural device' through which a party's existing legal rights may be vindicated so long as a justiciable controversy exists."). As Plaintiff's substantive claim fails, so does his claim for declaratory judgment.

factual support and are based solely on "information and belief" do not satisfy the federal pleading standards. See Cheng Lee v. Fed. Nat'l Mortg. Ass'n, No. 13-2460, 2014 WL 503168, at *2 (8th Cir. Feb. 10, 2014) (claims of an unrecorded pre-foreclosure assignment of mortgage and lack of authority to execute the relevant instruments, based solely on "information and belief," are insufficiently pled); Richter v. Fed. Nat'l Mortg. Ass'n, No. 13-2524, 2014 WL 503176, at *1 (8th Cir. Feb. 10, 2014) (allegation of an unrecorded pre-foreclosure assignment of mortgage, based solely on "information and belief" and reference to the text of an FNMA internet selling guide, is insufficient under Rule 8).

Here, Plaintiff's unsupported statements about the "adverse interests" in the Property, unrecorded assignments, and the alleged lack of legal authority by the individuals signing the foreclosure documents are precisely of the nature rejected by the Eighth Circuit. As in Cheng Lee and Richter, Plaintiff's counsel continues to venture conclusory allegations that lack any factual support and are based solely on "information and belief." These claims are insufficient under the federal pleading standards.

Finally, the Court notes that the record directly contradicts Plaintiff's allegations. Documents referenced in and attached to the Complaint show an unbroken chain of title from MERS to BANA, and a properly recorded Power of Attorney to Foreclose. (Ex. 4 to Compl. [Doc. No. 1-1]; Exs. C, D to Aff. of Mark G. Schroeder [Doc. No. 7-1].) The Court agrees with the Magistrate Judge's observation that "not only is there no factual support for plaintiff's bald assertions, the record shows the exact opposite—the assignment and foreclosure were proper." (Dec. 3, 2013, Report and Recommendation at 15 [Doc. No. 18].)

For these reasons, Plaintiff fails to state a claim upon which relief can be granted.

### 2. Standing

The Court also agrees with the Magistrate Judge's conclusion that Plaintiff lacks standing to assert a quiet title claim based on a challenge to the assignment of mortgage from MERS to BANA. (Id. at 15-17.) Plaintiff lacks standing to challenge the assignment because he is not a "part[y] to the assignment and any dispute would be between the assignor and assignee." Novak v. JP Morgan Chase Bank, N.A., No. 12-589, 2012 WL 3638513, at *6 (D. Minn. Aug. 23, 2012). Plaintiff does not plead any facts to suggest otherwise.

Plaintiff objects that the R&R broadly states that he lacks standing to bring a quiet title action under Minnesota law. (Objection at 1 [Doc. No. 19].) Plaintiff's objection, however, mischaracterizes the Magistrate Judge's position. It is not that Plaintiff lacks standing to bring any quiet title action, but rather, that he cannot bring this particular quiet title action based on his unsupported allegations of purported defects in the assignment of mortgage from MERS to BANA. Plaintiff lacks standing here, and the Court declines to remand this matter to state court.

### 3. Unclean Hands

Plaintiff requests a determination of adverse interests under Minn. Stat. § 559.01. (Compl. ¶ 19-25.) In Minnesota, "[a]ctions to quiet title and to determine adverse claims are equitable actions." Haubrich v. U.S. Bank, N.A., No. 12-565, 2012 WL 3612023, at *3 (D. Minn. Aug. 21, 2012) (citations omitted), aff'd, 720 F.3d 979 (8th Cir. 2013). A plaintiff who seeks equity must come into court with clean hands. Id. The law has not changed since this Court dismissed an almost identically deficient claim brought by

Plaintiff's counsel in numerous cases, including but not limited to: Aguilar v. Mortgage Elec. Registration Sys., Inc., No. 13-1080, 2014 WL 297709, at *2 (D. Minn. Jan. 28, 2014); Stilp v. HSBC Bank USA, N.A., No. 12-3098, 2013 WL 1175025, at *4 (D. Minn. Mar. 20, 2013); and Novak v. JP Morgan Chase Bank, N.A., No. 12-589, 2012 WL 3638513, at *4 (D. Minn. Aug. 23, 2012).

Documents attached to the Complaint regarding the foreclosure proceedings show that Plaintiff defaulted on the promissory note by 2012.  (Exs. 4, 5 to Compl. [Doc. No. 1-1].)  Plaintiff emphasizes the Complaint's allegation that he is not in default, but no facts are pled in support.  (Objection at 2 [Doc. No. 19].)  Because the documents attached to the Complaint directly contradict Plaintiff's assertions, the Court is persuaded that Plaintiff is in default and comes to court with unclean hands.  Accordingly, Plaintiff cannot pursue a claim under Minn. Stat. § 559.01.

For these reasons, the Court dismisses Plaintiff's quiet title claim with prejudice.

## IV. ORDER

The Court **OVERRULES** Plaintiff's Objection [Doc. No. 19] and **ADOPTS** the Magistrate Judge's December 3, 2013, Report and Recommendation [Doc. No. 18] in its entirety.  Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss [Doc. No. 4] is **GRANTED**; and

2. This matter is **DISMISSED WITH PREJUDICE**.

   **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:       February 13, 2014            s/ Susan Richard Nelson
                                          SUSAN RICHARD NELSON
                                          United States District Court Judge